UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY LYNN COUCH, SR.,

                       Plaintiff,

    v.

AMANDA, *et al.*,

                     Defendants.

Case No. C24-6034-JCC-SKV

ORDER DIRECTING SERVICE OF PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT ON DEFENDANT AMANDA

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. On October 15, 2025, this Court issued an Order directing service of Plaintiff's second amended complaint on three named Defendants. Dkt 24. Service was effectuated on two of the Defendants, Paul Logan and Travis Davis, but the service materials directed to the remaining Defendant, "Amanda," whom Plaintiff identified as a cook at the Grays Harbor County Jail, were returned as undeliverable. *See* Dkts. 26, 27. On November 26, 2025, the Court issued an Order directing Plaintiff to provide a service address for Defendant Amanda. Dkt. 29. Plaintiff has now provided two possible service addresses for this Defendant, one which Plaintiff indicates is her current place of employment, and one which Plaintiff identifies as "her business address." *See* Dkt. 30. The Court will therefore once again attempt service on Defendant Amanda.

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 1

Accordingly, the hereby Court ORDERS as follows:

(1)    Service by Clerk

The Clerk is directed to send to Defendant Amanda a copy of Plaintiff's second amended complaint (Dkt. 21), a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office, at the following two addresses:  Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, WA 98520; and, Summit Correctional Services, 500 East 52nd Street North, Sioux Falls, SD 57104.

(2)    Response Required

Defendant shall have **thirty (30) days** within which to return the waiver of service of summons.  If Defendant timely returns a signed waiver, she shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.  If Defendant fails to timely return the signed waiver, she will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally served must file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

(3)    Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk.  All filings, whether filed electronically or in traditional paper format, must

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 2

indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.  Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(4)    Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

The motion shall be noted in accordance with LCR 7(d).  Motions including stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, ex parte motions, motions to recuse, and motions for a temporary restraining order shall be noted for consideration on the day they are filed.  LCR 7(d)(1).  Other non-dispositive motions shall be noted for consideration no earlier than 21 days from the date of filing.  LCR 7(d)(3).  All dispositive motions, and motions such as those seeking a preliminary injunction or directed toward changing the forum, shall be noted for consideration no earlier than 28 days after filing.  LCR 7(d)(4).

For electronic filers, any opposition to a non-dispositive motion shall be filed and received by the moving party no later than 15 days after the filing date of the motion, and any reply shall be filed and received by the opposing party no later than 21 days after the filing date of the motion.  LCR 7(d)(3).  Any opposition to a dispositive motion by an electronic filer shall be filed and received by the moving party no later than 21 days after the filing date of the motion

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 3

and any reply shall be filed and received by the opposing party no later than 28 days after the filing date of the motion.  LCR 7(d)(4).

(5)    Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules.  As noted above, such motions shall be noted for consideration no earlier than 28 days after the motion is filed.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* notices concurrently with motions to dismiss based on failure to exhaust administrative remedies and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 4

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on Plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(7)    The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for the Defendants who have appeared in this action.  The Clerk is further directed to send a courtesy copy of this Order to the Washington Attorney General's Office given Plaintiff's representation that Defendant Amanda is now employed at a Washington Department of Corrections facility.

DATED this 27th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 5