UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY LYNN COUCH, SR., Plaintiff, v. TRAVIS DAVIS, *et al.*, Defendants. | Case No. C24-6034-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Anthony Couch is in the custody of the Washington Department of Corrections ("DOC") and is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. He alleges in this action violations of his constitutional rights arising out of the conditions of his pre-trial detention at the Grays Harbor County Jail (the "Jail") where he was confined at the time this action was filed. *See* Dkts. 1-1, 21. The operative complaint in this action is Plaintiff's second amended complaint in which he asserts claims relating to his religious diet, the alleged recording of telephone calls between Plaintiff and his defense team, and his court-ordered transfer out of the Jail. Dkt. 21.

This matter is currently before the Court on a motion for judgment on the pleadings filed by two of the three Defendants named in Plaintiff's second amended complaint: Travis Davis, Chief of the Jail, and Paul Logan, a Grays Harbor County sheriff's detective. Dkt. 46. Plaintiff has filed a response opposing Defendants' motion. Dkt. 51. Defendants have filed no reply. The Court, having reviewed Plaintiff's second amended complaint, Defendants' motion for judgment on the pleadings, and the balance of the record, concludes that Defendants' motion should be granted, and Plaintiff's second amended complaint and this action should be dismissed as to Defendants Davis and Logan.

## II. BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on December 16, 2024, together with an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkt. 1. Plaintiff alleged therein that Defendants had violated his constitutional rights by denying him the right to practice his religion, discriminating against him on the basis of his religion, subjecting him to cruel and unusual punishment, and denying him his right to attorney-client confidentiality. Dkt. 8 at 5-16. Plaintiff identified five Defendants in his complaint including Jail Cook Amanda[1] and Chief Davis. *See id.* at 1, 3-4. The Court declined to serve the complaint after determining that Plaintiff had not adequately stated a claim for relief against any of the named defendants and that, to the extent he alleged a denial of his right to attorney-client confidentiality, his claim appeared to be barred by the *Younger*[2] abstention doctrine. *See* Dkt. 9. Plaintiff was, however, granted leave to file an amended complaint. *Id.*

Plaintiff filed an amended complaint on May 1, 2025, in which he identified four claims

---

[1] This individual has since been identified as Amanda Ortega. *See* Dkt. 40.

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

for relief, one pertaining to his religious diet, two implicating his right to counsel in his ongoing state court criminal proceedings, and one relating to his placement at the Washington Corrections Center ("WCC") in January 2025, after he was transferred out of the Jail. *See id.* Plaintiff identified Chief Davis and Ms. Ortega as the only two Defendants in his amended complaint. *Id.* at 3, 5. Upon review of Plaintiff's amended pleading the Court determined that he had again failed to allege a viable claim for relief. Dkt. 17. As to Plaintiff's claims against Chief Davis, those which alleged interference in his relationship with his attorneys, the Court once again determined that the claims appeared to be barred by the *Younger* abstention doctrine. *Id*. at 14-15. The Court, however, granted Plaintiff another opportunity to amend. *Id.*

On September 17, 2025, Plaintiff filed a second amended complaint in which he asserts four claims for relief, on each directed at Detective Logan and Chief Davis, and two directed at Ms. Ortega. Dkt. 21. The Court details here only the claims asserted against Detective Logan and Chief Davis as those are the only claims challenged in the pending motion for judgment on the pleadings.[3]

Plaintiff alleges in the first count of his amended pleading that Detective Logan violated his Sixth Amendment rights when he intruded into the relationship between Plaintiff and his attorneys. Dkt. 21 at 4-8. This claim generally concerns the alleged recording of privileged phone calls between Plaintiff and his defense attorneys by the Jail, and is similar to claims asserted against Chief Davis in prior versions of Plaintiff's pleading. *See id.* Plaintiff's specific complaint as to Detective Logan is that he obtained Plaintiff's Jail call logs and listened to a call between Plaintiff and his private investigator during which they discussed "very private things,"

[3] Ms. Ortega is represented by separate counsel and recently filed a motion for summary judgment in this matter. Dkt. 62.

including "trial strategy and things that need to be done for defense." *Id.* at 7. Plaintiff maintains that he has been prejudiced by the intrusions into his relationship with his defense team as his attorneys stopped coming to visit him at the jail, and stopped using the mail and telephone to communicate with him, which resulted in continuances in his criminal case. *See id.* at 5, 8.

Plaintiff alleges in the second count of his second amended complaint that Chief Davis violated his rights under the Fourteenth Amendment when he failed to comply with an order issued by the Special Master appointed in Plaintiff's criminal case directing that he be moved to the Thurston County Jail. Dkt. 21 at 9-16. Plaintiff complains that rather than making the arrangements necessary to have him transferred to Thurston County, Chief Davis arranged for him to be transferred to another local facility and then to WCC, where he was initially classified as a convicted prisoner and placed in general population before being reclassified as a "County Boarder Pre-trial detainee" and placed in administrative segregation. *Id.* at 11-13.

Plaintiff claims that these transfers, and his confinement in segregation at WCC, made it difficult or impossible for his attorneys to visit him and discuss trial strategy, and that he was ultimately granted leave to proceed *pro se*. *Id.* at 12-13. Plaintiff further claims that while in DOC custody he was unable to get access to the courts or to his private investigator, and the trial judge ultimately concluded the DOC could not meet Plaintiff's needs for legal materials resulting in another transfer to another facility and continuances in Plaintiff's trial date. *Id.* at 13. Plaintiff asserts that he suffered a "tremendous amount of harm" as a result of Chief Davis's failure to comply with the Special Master's order that he be transferred to Thurston County, including violations of his right to a speedy trial, his right to due process, and his right to counsel. *Id.* at 16.

## III. DISCUSSION

Defendants seek a judgment on the pleadings, arguing that Plaintiff's claim against Defendant Logan is barred by *Younger* and by collateral estoppel. Dkt. 46 at 4-6. They further argue that Plaintiff fails to state a claim upon which he is entitled to relief against Defendant Davis, and that much of the factual support for the claim cannot reasonably be linked to Defendant Davis. *Id.* at 6-7. Plaintiff has filed a response to Defendants' motion in which he appears to primarily challenge their collateral estoppel argument, though he makes brief reference to their *Younger* argument. *See* Dkt. 51. Because *Younger* is generally dispositive of Plaintiff's claims, the Court need not address collateral estoppel.

### A. Applicable Standards

#### *1. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)*

Defendants seek a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party establishes that no material issue of fact remains and that it is entitled to judgment as a matter of law. *Enron Oil Trading & Transportation Company v. Walbrook Insurance Company, Ltd.*, 132 F.3d 526 (9th Cir. 1997).

A motion pursuant to Rule 12(c) is reviewed under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6). *See Gregg v. Hawaii, Department of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

*2. Section 1983 Standard*

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

//

//

**B. Analysis**

*1. Younger Abstention*

Plaintiff alleges that Detective Logan violated his Sixth Amendment rights by listening to a privileged phone call between Plaintiff and his private investigator, and he alleges more generally in his claim concerning Detective Logan that the Jail continued to record phone calls with his attorneys thereby intruding on the attorney-client relationship. Dkt. 21 at 4-8. Plaintiff also alleges that Chief Davis, by failing to comply with orders concerning Plaintiff's transfer to another facility, violated his right to a speedy trial and his right to counsel. *Id.* at 16. These claims, all of which relate to Defendants' alleged interference in Plaintiff's relationships with the attorneys who represented him in his criminal proceedings, and with other members of his defense team, are inextricably intertwined with those proceedings.

As Plaintiff was previously advised, the federal courts generally will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 45-46. *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

The Court first observes that there are ongoing state proceedings, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401

U.S. at 43–44. While Plaintiff appears to suggest that *Younger* does not apply here because he has now been convicted and is no longer a pretrial detainee as he was at the outset of this case (*see* Dkt. 51 at 2-4), Plaintiff has appealed his judgment and sentence to the Washington Court of Appeals and that appeal remains pending, *see State of Washington v. Anthony Lynn Couch*, No. 62208-7-II (Washington Court of Appeals, Division II, filed Feb. 9, 2026), *docket available at* https://dw.courts.wa.gov (last accessed Aug. 24, 2026). A state proceeding is ongoing for purposes of *Younger* abstention until the state appellate review process is complete. *See Dubinka v. Judges of Superior Court of Cal. for Cnty. of L.A.*, 23 F.3d 218, 223 (9th Cir. 1994). Thus, *Younger* abstention may still apply if the other factors identified above are satisfied, and this Court concludes they are. Plaintiff alleges no facts demonstrating that he could not bring his constitutional claims in state court, and consideration of those claims here while Plaintiff's case remains on appeal would unduly interfere with the state court proceedings. Accordingly, this Court must abstain from entertaining Plaintiff's claims alleging interference with his right to counsel and violation of his speedy trial rights.[4]

*2. Due Process*

In addition to alleging that Defendant Davis violated his right to counsel and his right to a speedy trial by the manner in which he effectuated Plaintiff's transfer between facilities, he also alleges a due process violation. *See* Dkt. 21 at 9-16. The precise underpinnings of Plaintiff's due process claim are not clear, though he seems particularly focused on his transfer to WCC and the manner in which he was classified while in DOC custody. *See id.* at 12-15. To the extent

---

[4] The Court notes that even if *Younger* abstention did not preclude review of these claims, Plaintiff's claims would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Plaintiff complains about the fact of his transfer to a DOC facility and his classification within that facility, he has not stated a claim upon which relief can be granted. As Plaintiff was previously advised, inmates do not have a constitutional right to incarceration in a particular prison, *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976), or to a particular classification status, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Moreover, Plaintiff has alleged no facts demonstrating that Chief Davis had any involvement in the manner in which Plaintiff was classified and/or housed while in DOC custody. The fact that Chief Davis sought a "boarder agreement" to allow Plaintiff to be housed in a DOC facility is insufficient to state a claim for relief under § 1983.

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Defendants' motion for judgment on the pleadings (Dkt. 46) be granted and that this action be dismissed without prejudice as to Chief Davis and Detective Logan. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 15, 2026**.

DATED this 25th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge