UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY LYNN COUCH, SR., Plaintiff, v. TRAVIS DAVIS, *et al.*, Defendants. | Case No. C24-6034-JCC-SKV ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Anthony Couch is in the custody of the Washington Department of Corrections and is currently confined at the Coyote Ridge Corrections Center. He has submitted to the Court for consideration a motion for appointment of counsel, his second such motion. Dkt. 69.[1] Plaintiff made his first request for counsel in March 2025 when he was confronting a deadline for filing an amended complaint but did not have access to the resources necessary to do so. Dkt. 13. The

[1] Plaintiff originally filed his second motion for appointment of counsel on July 15, 2026, but the submission was missing a page. *See* Dkt. 58. The Court therefore directed Plaintiff to re-submit a complete copy of his motion by September 4, 2026, and re-noted his original motion for that date. Dkt. 67. Plaintiff re-submitted his motion on August 27, 2026, but it was posted on the docket as a new motion and assigned a new noting date rather than being posted as a replacement for the original motion as the Court had intended. Dkt. 69. As Plaintiff's re-submitted motion supersedes the original motion, the original motion (Dkt. 58) is STRICKEN, and the Court will proceed to resolution of the re-submitted motion.

Court denied the motion, concluding that it could provide Plaintiff the resources required to prepare his amended pleading, and that Plaintiff had not otherwise demonstrated appointment of counsel was warranted. Dkt. 14.

In his current motion for appointment of counsel, Plaintiff asserts that he has encountered "several issues that he cannot take care of Pro Se and incarcerated." Dkt. 69 at 1. In particular, Plaintiff indicates that he has been having difficulty obtaining necessary discovery from Defendants Travis Davis and Paul Logan, and that he feels disadvantaged by the number of attorneys who have appeared on behalf of Defendants. *See id.* at 2. Plaintiff also cites to the fact that he has a ninth grade education and a lack of familiarity with the civil rules as warranting appointment of counsel. *Id*. at 2. In addition to his request for counsel, Plaintiff also requests in his motion that the pre-trial deadlines in this case be extended. *Id.* at 3.

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. As explained below, Plaintiff has not demonstrated that exceptional circumstances exist warranting the appointment of counsel.

The Court observes that the reasons offered by Plaintiff for needing an attorney at this time primarily relate to difficulties he has had litigating this action against Defendants Logan and Davis. Dkt. 69 at 2. The undersigned recently issued a Report and Recommendation

recommending that the motion of these two Defendants for a judgment on the pleadings be granted (Dkt. 68), which may foreclose the need for discovery as to them. Thus, the discovery challenges Plaintiff cites to do not support his request for counsel.

The fact that Defendants have changed and/or added attorneys during the course of this case likewise does not support Plaintiff's request for counsel. The Court observes that there are essentially two sets of Defendants in this case, which necessitates two sets of attorneys, but this fact does not unduly complicate this matter. Moreover, Plaintiff has not demonstrated that the number of attorneys and/or law firms that have been involved in this case has materially impacted his ability to litigate the case without counsel.

Finally, to the extent Plaintiff cites to his ninth grade education and his lack of familiarity with the civil rules to support his request for counsel, he has not demonstrated that these factors have inhibited his ability to litigate this action. Indeed, Plaintiff has demonstrated ample ability thus far to litigate this action without the assistance of counsel, and the Court presumes there is a law library available at Plaintiff's facility where he can access and familiarize himself with the necessary civil rules.

In sum, Plaintiff has not identified any extraordinary circumstance warranting appointment of counsel, nor has he demonstrated that his likelihood of success on the merits is sufficiently strong to justify such an appointment. The Court thus concludes that appointment of counsel is not warranted here.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's second motion for appointment of counsel (Dkt. 69) is DENIED.

(2) Plaintiff's request to extend pretrial deadlines (*Id.*) is also DENIED. However, in light of the fact that Plaintiff's motion for appointment of counsel has now been resolved, the

Court deems it appropriate to grant him additional time to file a response to Defendant Ortega's pending motion for summary judgment (Dkt. 62), which was filed after Plaintiff originally filed his motion for counsel. Accordingly, Plaintiff is directed to file any response to Defendant Ortega's motion not later than ***October 14, 2026***, and the motion (*id.*) is RE-NOTED on the Court's calendar for consideration on ***October 21, 2026***. Defendant Ortega must file any reply brief in support of her motion by that date.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to all counsel of record, and to the Honorable John C. Coughenour.

DATED this 11th day of September, 2026.

S. KATE VAUGHAN
United States Magistrate Judge